RIJOS, APPELLANT, *v.* FOLGUERAS ET AL, RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 865.—Decided February 21, 1913.

NATURAL CHILDREN—INHERITANCE.—Under the Revised Civil Code an acknowledged natural child has no right to inherit from the legitimate sister of its putative father

ID.—INHERITANCE—RIGHT OF ACTION—CONTEST OF WILL.—The plaintiff having no right to inherit from Rafaela Rijos y Correa therefore has no right to contest the will executed by her.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for appellant.
*Messrs Bosch & Soto* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Zoila Rijos Laza filed a complaint in the District Court of San Juan alleging that Rafaela Rijos y Correa died in this city on May 28, 1908; that the will appearing to have been executed by said Rafaela Rijos Correa on

August 31, 1905, is void because the signature of the testator is not genuine, and that the plaintiff is the acknowledged natural daughter of Juan Rijos y Correa, Rafaela's legitimate brother.

Benito Peña, one of the defendants herein, demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action because Zoila Rijos as the natural daughter of Juan Rijos y Correa has no right to inherit from the latter's legitimate sister, Rafaela. The demurrer was sustained and judgment rendered dismissing the complaint, whereupon the present appeal was taken therefrom.

As may be seen by the foregoing statements, the only question involved herein is one of law: Whether or not under the Revised Civil Code, which was in force at the time of the death of Rafaela Rijos y Correa, an acknowledged natural child has the right to inherit from the legitimate sister of its putative father.

The provisions of the code relating to testate inheritances do not at all favor the plaintiff. Neither her father nor much less the plaintiff herself has the character of heir-at-law of Rafaela. Nor do the provisions of the code governing intestate inheritances recognize any right of the plaintiff, but on the contrary, they expressly deny it.

Section 913 of the Revised Civil Code, as it was in force in 1908, reads as follows:

"Acknowledged illegitimate children and their issue shall have the same rights of inheritance as lawful children and their issue, and in the form provided in the preceding sections both to inherit in their own right and by the right of representation. Nevertheless, an illegitimate child and his issue shall not have the right to inherit in the absence of a will from the legitimate children and issue and legitimate collaterals of the father or mother who has acknowledged them, nor may they inherit from an illegitimate child and his issue.

"Parents with respect to the acknowledged illegitimate child and his issue shall have the same rights of inheritance as lawful parents in case of the intestacy of their children and lawful issue."

In the case of *Succession of Pagán* v. *Pagán et al.*, 17 P. R. R., 134, and in *Rijos* v. *Peña*, decided today, this court held that according to the Spanish Civil Code the acknowledged natural child has no right to inherit from the legitimate brother of its putative father.

The second paragraph of section 913 of the Revised Civil Code is essentially the same as article 943 of the former Civil Code. The law, therefore, is the same and it is only natural that the construction given to it should be identical, hence we are forced to the conclusion that not even under the Revised Civil Code has an acknowledged natural child the right to inherit from the legitimate brother of its putative father.

This being the case the trial court was right in dismissing the complaint inasmuch as the plaintiff is not entitled to the inheritance of Rafaela Rijos y Correa, nor, therefore, is she entitled to contest the will made by the latter.

The appeal should be dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.